UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
SILVESTRE PORTILLO,　　　　　　　　　　　　　Civil Action No.:

　　　　　　　　Plaintiff,

　　　　　-against-　　　　　　　　　　　　　　**COMPLAINT**

PRAMUKH 113 INC. d/b/a E SMOKE & CONVENIENCE
and JAYMIN PATEL, individually,　　　　　　　　**JURY TRIAL REQUESTED**

　　　　　　　　Defendants.
-----------------------------------------------------------------------------X

　　　　Plaintiff Silvestre Portillo ("Plaintiff"), by and through his attorneys, The Law Offices of Yale Pollack, P.C., complaining of Pramukh 113 Inc. d/b/a E. Smoke & Convenience ("Pramukh") and Jaymin Patel ("Patel") (collectively "Defendants"), alleges the following:

## NATURE OF THE ACTION

　　　　1.　　Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to remedy violations of the wage-and-hour provisions of the FLSA by Defendants.

　　　　2.　　Plaintiff also brings this action to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.* and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

　　　　3.　　This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

　　　　4.　　This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

**Plaintiff Portillo**

6. Plaintiff is an adult individual residing in Queens County, New York.

7. From August 22, 2021 through September 4, 2022, Plaintiff was employed at Pramukh located at 113 First Avenue, New York, New York 10003.

8. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants Patel**

9. Patel is the owner, principal and manager of Pramukh.

10. At all relevant times, Patel maintained control, oversight and the direction of Pramukh.

11. Patel held the power and authority to hire and fire employees, control employee work schedules, set employee wage rates, and maintain employee pay records.

12. Patel is a person engaged in business in New York County and is sued individually in his capacity as an owner, officer and/or agent of Pramukh.

**Defendant Pramukh**

13. Pramukh is a domestic corporation in the convenience store industry, having its principal place of business located at 113 First Avenue, New York, New York 10003.

14. At all times relevant to this action, Pramukh was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

15. Upon information and belief, Pramukh has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or

materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

16. Defendants jointly employed Plaintiff and similarly situated employees at all relevant times.

17. Each Defendant has had substantial control over Plaintiff's working conditions and the practices alleged herein.

## **FACTUAL ALLEGATIONS**

18. From on or about August 22, 2021 through September 4, 2022, Plaintiff worked for Defendants.

19. Plaintiff's duties included, among other things, cleaning and organizing the convenience store owned and operated by Defendants.

20. From the commencement of his employment until the end of February 2022, Plaintiff worked six days a week for Defendants.

21. For the time period referenced in the preceding paragraph, Plaintiff worked Tuesday through Sunday, with Mondays off.

22. From the beginning of March 2022 until September 4, 2022, Plaintiff worked seven days a week for Defendants.

23. For the time period referenced in the preceding paragraph, Plaintiff worked Monday through Sunday, with no days off.

24. During the time periods referenced in the four preceding paragraphs, Plaintiff's daily work schedule was from 10:00 p.m. until 8:00 a.m.

25. A more precise statement of the hours Plaintiff worked, and wages Plaintiff received, may be made when Plaintiff obtains the records in the course of discovery Defendants

are required to keep under the NYLL.

26. In exchange for his services during his employment, Plaintiff was paid a rate of $15.00 per hour for all hours worked including work performed after forty hours.

27. At no time was Plaintiff ever required to sign any documents pertaining to his rate of pay or work schedule in the course of his employment with Defendants.

28. While Plaintiff was required to clock in and clock out for six days of work.

29. When working seven days a week, on the seventh day (Monday), instead of clocking in and out, Plaintiff and was required to write down the time he worked.

30. Throughout his employment, Defendants paid Plaintiff in cash.

31. At no time during his employment did Plaintiff received wage statements from Defendants.

32. At no time before his hire or during his employment was Plaintiff provided notice of how he was going to be paid, his rate of pay, his overtime rate of pay, his pay day, or other information that is required under the law.

## COUNT ONE
**(Fair Labor Standards Act - Overtime Wages)**

33. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

34. Defendants were required to pay Plaintiff overtime wages at a rate of one and one-half times his regular rate for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 209, *et seq*.

35. Plaintiffs regularly worked in excess of forty hours per week during his employment with Defendants.

36. Defendants willfully failed to pay Plaintiff the appropriate overtime premiums for all hours worked in excess of forty hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

37. Defendants' unlawful conduct has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

38. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

39. Due to Defendants' willful violations of the FLSA, Plaintiff is entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## COUNT TWO
### (New York Labor Law - Unpaid Overtime)

40. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

41. Defendants have failed to pay Plaintiff the proper overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

42. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

43.  Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## **COUNT THREE**
**(New York Labor Law – Failure to Provide Annual Wage Notices)**

78.  Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79.  Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

80.  Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

81.  Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars, together with costs and reasonable attorneys' fees, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## COUNT FOUR
### (New York Labor Law - Failure to Provide Wage Statements)

82. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

84. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

85. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each work day that the violation occurred, or a total of five thousand dollars each, together with costs and reasonable attorneys' fees, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. Unpaid overtime pay and liquidated damages permitted by law pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations;

7

  B. Statutory penalties of fifty dollars for each work day that Defendants have failed to provide Plaintiffs with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

  C. Statutory penalties of two hundred fifty dollars for each work day that Defendants have failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided by for by NYLL, Article 6 § 198;

  D. Prejudgment interest pursuant to the NYLL and CPLR § 5004;

  E. Post-judgment interest pursuant to 28 U.S.C. § 1961;

  F. An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

  G. Reasonable attorneys' fees and costs of the action; and

  H. Such other and further relief as this Court deems just, equitable and proper.

Dated: November 17, 2022
   Syosset New York

         Respectfully submitted,
         **LAW OFFICES OF YALE POLLACK, P.C.**


         By: */s/ Yale Pollack*
           Yale Pollack, Esq.
         66 Split Rock Road
         Syosset, New York 11791
         (516) 634-6340
         ypollack@yalepollacklaw.com

         *Attorneys for Plaintiff*